Thomson, J.,
delivered the opinion of the court.
W. J. Lathan brought this suit against N. C. Merrill to *264 recover a commission to which he claimed to be entitled for negotiating an exchange of personal property of the defendant for real estate. There was judgment for the plaintiff and the defendant appealed.
There was no disagreement among the witnesses as to the material facts, and the evidence may be summarized as follows, Mr. Burdette, a real estate agent, had the disposal of certain real estate in Denver belonging to a Mr. Robertson, with authority to sell it for cash, or exchange it for other property. Burdette told the plaintiff that he had this property for sale or trade, and the latter replied that he would see what he could do in the matter. A short time afterwards the plaintiff met Mr. Tucker, a man who was working for the defendant, and ascertained from him that the defendant had a number of horses and mules which he desired to trade for something else. The plaintiff asked Tucker for a list of the animals, and the latter went to his employer and procured it, and gave it to the plaintiff.- When the plaintiff asked for the list he gave Mr. Tucker a description of Mr. Robertson’s real estate indorsed on his business card, which Mr. Tucker took to the defendant. The plaintiff introduced Mr. Burdette to Mr. Tucker, and Mr. Tucker introduced Mr. Burdette to the defendant. Mr. Burdette brought the defendant and Mr. Robertson together, and the two latter then made their own contract and exchanged their properties. The plaintiff did not see the defendant, and the latter was unacquainted with the plaintiff, and knew nothing of his connection with the transaction, until after it was concluded. The plaintiff then looked up the defendant and demanded a commission from him. Mr. Tucker never had any authority from the defendant to sell or trade the animals, or employ any one else to do so. He simply knew that the defendant wanted to trade his stock, and, so knowing, informed the plaintiff. When the plaintiff demanded the commission, the defendant replied that he did not know him in the transaction. Mr. Burdette took it upon himself to advise the defendant to pay the plaintiff a commission, alleg *265 ing that the latter would sue him if he did not. The defendant then said that in order to avoid trouble he would pay the plaintiff $25.00. Before this time the plaintiff had brought suit against Mr. Burdette, and his client, Mr. Robertson, to recover for his services in their behalf.
The text of the argument of defendant’s counsel is the law of agency. We are cited to a long list of authorities dealing with the subject in its various phases. The law of agency is quite well settled, and it is not very intricate. The theory advanced is that Mr. Tucker, as the agent of the defendant, employed the plaintiff to negotiate the exchange, and that the latter, in virtue of the employment, became the defendant’s agent, and is therefore entitled to the commission which he claims! The argument in support of the theory is a véry good specimen of legal ingenuity, but it has failed to convince us. The plaintiff had no personal dealings with the defendant; and Mr. Tucker, the defendant’s hired man, from whom the plaintiff obtained his information concerning the horses and mules, had not, and did not assume or purport to have, any authority, either to dispose of the property himself, or to engage the services of another ior that purpose; and nothing that he did could be construed into an employment of the plaintiff. What he did might well have been done by any employé taking an interest in his employer’s success, or by any kindly disposed neighbor, without exciting a suspicion that he was acting by authoritj’-. In discussing questions of estoppel and ratification, counsel are beating against the air. Without facts to which it can be applied, the argument is wasted. The defendant neither intentionally nor negligently misled the plaintiff, and there was therefore no estoppel. The effecting of the exchange by the defendant personally was not a .ratification of anything, because, first, Mr. Tucker in his intercourse with the plaintiff did not pretend to be the defendant’s agent, and there was therefore, so far as Mr. Tucker was concerned, nothing to ratify; and, second, the defendant concluded the transaction without a suspicion that the plaintiff had even *266 the remotest connection with it. He therefore lacked the knowledge necessary to a ratification, and without which there could be no ratification. The fact that he received a description of Mr. Robertson’s property indorsed on the plaintiff’s business card has no significance; and his offer to pay $25.00 rather than have trouble was not a recognition of the plaintiff’s claim.
The plaintiff seems to have regarded himself as the agent of Burdette and Robertson in the transaction. He sued them for compensation for his services. If he was their agent he could not very consistently act for the other side at the same time, and the claim he is now making, even if the proof was otherwise satisfactory,' would be without merit.
The judgment is entirely without support in the evidence, and must be reversed.

Reversed.